THE COMSTOCK CASTLE STOVE COMPANY v. S. GALLAND.

**No. 140.**

DEFAULT—*where plaintiff fails to appear defendant may demand trial.* Where an action is commenced upon a promissory note, and an answer is filed stating a good defense, to which the plaintiff files a reply and thereafter fails to appear on the trial, it is not error for the trial court to permit the defendant to proceed to trial upon the issues joined.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed July 29, 1897. *Affirmed.*

*D. B. Van Syckel,* for plaintiff in error.

*Sutton & McGarry,* for defendant in error.

SCHOONOVER, J. The plaintiff in error commenced this action against defendant in error to recover $972.89, the amount due on four promissory notes. The defendant's answer contained, *first,* a plea of payment; *second,* a claim of surety and an avoidance; *third,* a general denial.

The plaintiff denied the first and demurred to the second cause of defense. The demurrer was overruled and plaintiff replied.

On the issues so settled, the case was tried by the court without a jury. The evidence introduced is not brought to this court, but plaintiff insists that the court had no authority to try the case in the absence of the plaintiff or his attorney; that the plaintiff neglecting to bring on the trial as limited by the course of practice, the court could only dismiss the case.

We cannot agree with counsel for plaintiff in error. This action was commenced to recover upon four promissory notes. In the absence of defendant, judgment could have been taken against him without further proof on the part of the plaintiff. From the nature of the answer, it is clear that evidence other than that of the defendant would be necessary to establish his defense.

Can it be said that in an action to recover upon a note, where an answer is filed, a defense stated, and thereupon plaintiff replies, the trial court is required, in the absence of the plaintiff on the trial, to dismiss the case over the objection of defendant? If this is the practice, a plaintiff may commence his case and have it dismissed by the court from time to time until such time as the defendant fails to appear, or his evidence is lost, and then take judgment.

Upon the facts as they appear in the record, there was no violation of paragraph 4493, General Statutes of 1889, which provides that "an action may be dismissed by the court, where the plaintiff fails to appear on the trial."

The cause of defense arises out of the transaction set forth in the petition as the foundation of plaintiff's claim. It is connected with the subject of the action, existed at the time the action was commenced, and sufficient facts are set forth to constitute a defense.

Evidence was introduced at the trial, but it is not before us. No error was committed, so far as this court is able to review, in rendering judgment for defendant for costs.

The judgment will be affirmed.